whole suit could have been removed into this court. under the provisions of the act of 1875. They have not joined with the petitioning defendant, but have answered in the state court, disclaiming all interest in the controversy. Will such disclaimer bring the case within the last clause of the second section of that act, which authorizes a single plaintiff or defendant to petition for the removal, when the controversy is wholly between citizens of different states and can be fully determined between them? We think not. We must decide upon the case made by the bill of complainant, and not by the disclaimer of the defendants. It is, doubtless, true that if immaterial parties have been added, merely to give jurisdiction, or to hinder a removal, the court would and ought to disregard their presence. Wood v. Davis, 18 How. [59 U. S.] 467. But neither Mapes nor Dixon is a nominal party, if the allegations of the bill, as to their acts or interests, are true. Their presence is necessary to the complete maintenance and vindication of the rights of the complainant; for the whole controversy—embracing indemnity for the past and security and protection for the future—cannot be determined without them. Nor is the suit removable under the third subdivision of section 639. All the defendants have not joined in the petition; nor are they all non-residents of the state; and both of these facts must exist to bring the case within the provisions of that clause of the section. Bixby v. Couse [Case No. 1,451]; Sewing Machine Co., 18 Wall. [85 U. S.] 587. In the latter case the supreme court say: "Either the non-resident plaintiff or non-resident defendant may remove the cause under the last named act (act of March 2, 1867), provided all the plaintiffs or all the defendants join in the petition, and all the party petitioning are non-residents, as required under the judiciary act; but it is a great mistake to suppose that any such right is conferred by that act. where one or more of the plaintiffs or one or more of the petitioning defendants are citizens of the state in which the suit is pending, as the act is destitute of any language which can be properly construed to confer any such right, unless all the plaintiffs or all the defendants are non-residents and join in the petition."

The only remaining inquiry is, whether the suit is removable in part under the second subdivision of section 639. If it be conceded that that clause of the section is in force, there is no reasonable doubt but that the case under consideration is within it. This is a suit brought, so far as it relates to the petitioning defendant, to restrain and enjoin him; and it is also one in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants. as parties to the cause. It answers to all the requirements of that clause of the section which allows a severance of the defendants; the non-resident petitioner coming here for the determination of his rights, and the other resident defendants remaining in the state court, in which the controversy, as to them, may be still carried on by the complainant.

The motion to remand must be refused and the cause will proceed in this court against the petitioning non-resident defendant alone.[1]

[NOTE. There was also another bill subsequently filed by the New Jersey Zinc & Iron Co. against Charles W. Trotter, James L. Curtis, and the Franklinite Steel & Zinc Company, to obtain the reformation of certain deeds. The cause was heard on a motion to remand to the state court. The motion was granted. 18 Fed. 337.

[An action of trespass had been instituted by Trotter to recover damages of the New Jersey Zinc Company for entering on his lands and digging up and carrying away a quantity of ore. Judgment was rendered in favor of Trotter for $3,320 damages and costs. Case unreported. Defendants then removed the case, by writ of error, to the supreme court. A motion made by Trotter to dismiss. because the value of the matter in dispute did not exceed $5,000, was granted. 108 U. S. 564.]

---

NEW JERSEY ZINC CO. (WETHERILL v.).  See Cases Nos. 17,463 and 17,464.

---

## Case No. 10,168.

In re NEW LAMP CHIMNEY CO.

District Court, S. D. New York.

BANKRUPTCY—COUNSEL FEES—DISBURSEMENTS.

[A memorandum in 2 Alb. Law J. (Oct. 29, 1870) 343, states that BLATCHFORD. District Judge. refused to allow $250 out of the assets of the bankrupt estate as counsel fees to the bankrupt's attorney, on the ground that no such allowance was authorized in the bankruptcy act. or in analogous practice; and referred a question of allowing the attorney $90 for disbursements to the register for proofs and opinion.]

J. W. Martin. for bankrupt.
S. B. Hingenbotam, for assignees and creditors.

[Nowhere reported. Opinion of BLATCHFORD, J., and report of referee not now accessible.]

---

## Case No. 10,169.

In re NEWLAND.

[Affirming Case No. 10,171. Nowhere reported; opinion not now accessible.]

---

## Case No. 10,170.

In re NEWLAND.

[6 Ben. 342:[2] 7 N. B. R. 477.]

District Court, S. D. New York.   Feb. 7, 1873.

SECURITY FOR DEBT—INSURANCE ON BANKRUPT'S LIFE—PRESENT VALUE OF POLICY.

N.. having borrowed money of his mother-in-law, gave her his notes for it, and, as security

---

[1] See the opinion of BALLARD, J., to the same effect. in Cooke v. Ford [Case No. 3,173].
[2] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]